Parker, J.
The defendants, having been convicted upon trial on this indictment, now move that judgment may be arrested for the causes stated in the motion, viz.: —
1. Because the several acts, alleged in the indictment to have been done by the defendants, are not alleged to have been done with force and arms.
2. Because they are not alleged to have been done to the terror of the people, &c.
It was also suggested in the argument that the facts stated in the indictment do not technically constitute a riot.
With respect to the first objection, we think that the words “force and arms,” introduced into the first part of the indictment, may, without any violence to the sense, or any offence against grammatical rules, be applied to every distinct allegation; and that they are properly applicable m this manner. It is alleged that the defendants did, *on the day mentioned [ * 520 ] in the indictment, assemble unlawfully, with force and arms, and that, being so assembled, they committed the acts which are the ground of the prosecution.
If, in common parlance, it were asserted that three men were assembled together, with clubs in their hands, and, being so assembled, they beat and bruised a passenger to, — inquire whether they had the clubs in their hands when they beat him would be considered not a little ridiculous. Common sense is not to be deemed a stranger to legal process, but as very influential in ascertaining the force and effect of words and sentences, which, although technical, are to receive a sensible construction.
The next objection is equally without foundation. The phrase in terrorem populi is used by Hawkins as descriptive of the offence denominated a riot; but it is clear that there may be a riot without terrifying any one. Lord Holt has given a distinction, founded in good sense, between those indictments, in which the words in terrorem populi are essential, and those wherein they may be omitted. He says that, in indictments for that species of riots which consist in going about armed, &c., without committing any act, the words aforesaid are necessary, because the offence consists in terrifying the public; but in those riots in which an unlawful act is committed the words are useless. (1)
And upon consulting the precedents, we find this distinction ac *506 curately observed ; there being no averment of terror, where an actual violence is charged to have been riotously committed.
There is still less in the last objection, viz., that the facts charged do not amount to a riot. An unlawful assembly, riotously and tumultuously disturbing the selectmen of a town, in the exercise of their duty, on a public day, and in a public place, and obstructing the inhabitants of a town in the use of their constitutional privilege of election, is a riot,.and an aggravated one. To'disturb another in the enjoyment of a lawful right is a trespass ; and if it is done by numbers unlawfully combined, the same act is a riot.

Motion overruled.

ADDITIONAL NOTE.
[If persons innocently and lawfully assembled afterwards confederate to do an un lawful act of violence, suddenly proposed and assented to, which is done accordingly, though their whole purpose be not consummated; this is a riot.— The State vs. Snow, 6 Shepl. 346.
Where several are jointly indicted for a riot, one of them is not a competent witness for the others, though he has separately pleaded in defence. — State vs. Mooney, 1 Yerg. 431.
Where three are indicted for a riot, and one tried separately and convicted, the others not being tried; judgment shall be rendered against him.— State vs. Allison, 3 Yerg. 428.
See Douglass vs. The Stete, 6 Yerg. 525. — F. H.]

 11 Mod. 116