## COMMONWEALTH *vs.* FREEMAN BERRY.

An indictment pending, on which no conviction has been had, is no bar to another indictment.

An indictment against three for a riot, is supported, on the separate trial of one, by proof of a riot in which he and any two other persons joined.

INDICTMENT against Freeman Berry, William Salisbury and Samuel Foster, alleging that they, together with divers other evil disposed persons to the jurors unknown, committed a riot, and a riotous assault upon George Gibson. The defendants severally pleaded not guilty, and were tried separately in the court of common pleas.

Berry, being tried before *Briggs,* J., asked the court to rule that the assault must be proved as alleged, in order to sustain the indictment; and the court so ruled.

He then offered to put in an indictment, now pending in this

court against him for an assault upon another person, which was part of the same riotous transaction. The judge ruled it out.

The defendant also, claiming that there was no evidence to connect the other two persons, named in the indictment, with the alleged riot, requested the court to rule, that in order to sustain the indictment, it was necessary to prove that all three of the persons mentioned by name actually combined, and acted in concert for a common riotous purpose. But the court refused so to rule, but ruled if the defendant joined in riot with the two persons named, or any other two persons, though unknown to the grand jury, it would be sufficient. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*B. Sanford*, for the defendant. 1. The indictment against the defendant for the assault is a bar to this indictment.

2. The offence of riot is a joint offence, and unless the evidence is sufficient for the jury to find all the alleged joint offenders guilty, no one of them can be convicted. *Rex* v. *Scott*, 3 Bur. 1262. *Rex* v. *Hughes*, 4 Car. & P. 373. *Scott* v. *United States*, 1 Morris, 142. *Commonwealth* v. *Griffin*, 3 Cush. 523. The charge in this indictment being that the riot was committed by three persons named, it must be proved as laid. *Nicholson's case*, 1 Lewin, 300.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BY THE COURT. 1. If a conviction of part of the offence could be a bar to this indictment—a point which we need not now decide—it must be a conviction, and not a mere prosecution. *Commonwealth* v. *Drew*, 3 Cush. 279.

2. It is undoubtedly true that a riot cannot ordinarily be committed by one person. It is the acting in concert, the unlawful combination, which constitutes the offence. The direction was strictly correct. Whether the other rioters were named in the indictment, or not, proof of a riot in which any two other persons joined with the defendant was sufficient.

*Exceptions overruled.*