State, Golding, pros., v. Collector of Chambersburg.

THE STATE, MOSES GOLDING ET AL., PROSECUTORS, v. THE COLLECTOR OF CHAMBERSBURG.

1. Although courts do not favor the repeal of statutes without express words, yet where the inconsistency between the prior and subsequent statute is clear, the first statute will be held to be repealed.

2. Double taxation is against the spirit of our laws, and though it is not within the power of the court to interfere and declare it illegal when it contravenes no constitutional provision, yet no statute should be held to subject property to a double tax, unless required by express words, or by necessary implication.

3. By the act of April 4th, 1872, (*Laws*, 1872, *p.* 1241,) the act relative to taxes in certain counties in the state, approved April 2d, 1869, ·(*Laws*, 1869, *p.* 1225,) was applied to the city of Trenton. This act contains no clause repealing the tax law of 1866, requiring the tax on personal property to be assessed on each inhabitant in the township or ward where he resides. The prosecutors, residing in one of the townships of Mercer county, were assessed upon their personal property, both in the township and in the city of Trenton, where the said personal property was found. *Held*, that the said property could be assessed only in the city of Trenton, the act of 1869 repealing, by necessary implication, the provisions of the act of 1866 where inconsistent with it.

The *certiorari* in this case brought up the taxes of prosecutors in the borough of Chambersburg for the year 1873. It was argued together with several other cases involving the same questions. One set of *certioraris* brought up the tax assessed in Chambersburg, another that assessed in Hamilton township, and the third that assessed in the city of Trenton. All the taxes complained of were assessed in the year 1873, and on the same property.

Argued at June Term, 1874, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the prosecutors, *Richey* and *James Wilson.*

For Chambersburg, *Alfred Reed.*

For city of Trenton, *G. D. W. Vroom.*

For township of Hamilton, *Aitkin.*

The opinion of the court was delivered by

DALRIMPLE, J. The prosecutors are residents of the borough of Chambersburg, in the township of Hamilton, in the county of Mercer. They carry on business and own goods and chattels, situate in the city of Trenton, in the same county. In the year 1873, they were assessed on said goods and chattles as well in Chambersburg and the township of Hamilton as in the city of Trenton. The main question argued and submitted to the court is, whether the prosecutors are liable to taxation elsewhere than in Trenton for their goods and chattels there situate. By the acts of 1869 (*Laws of* 1869, *p.* 1225,) and of 1872 (*Laws of* 1872, *p.* 1241,) it is enacted that all taxes to be assessed in certain localities, in which the city of Trenton is included, for state, county, township and city purposes, over and above the amount to be raised by poll tax, shall be assessed and raised by such a *per centum* upon all real estate, chattels and all personal property, taxable by law, except mortgages, as shall be necessary to raise the

amount required and that all real and personal estate shall be assessed in the townships, wards and cities where found, without any deduction for mortgages thereon. By the tax law of 1866 (*Nix. Dig.* 951, § 88,) the tax on personal property is to be assessed upon each inhabitant in the township or ward where he resides. The contention of the counsel who argued in behalf of Chambersburg and Hamilton, was, that the statutes might well subsist together, and that the court were, therefore, bound to uphold both. The result would then be that the prosecutors would be subjected to double taxation. In the case of *The State* v. *Branin,* 3 *Zab.* 494, C. J. Green says, that though double taxation may be unequal and unjust, it is not within the power of the court to interfere and declare it illegal when it contravenes no constitutional provision. Assuming the principle thus asserted to be correct, we are to inquire whether the act of 1869, in terms or by necessary implication, repeals the act of 1866, in the particular under consideration? It contains no express repealer. The latter act will, however, if necessarily inconsistent with or repugnant to the former, be held to repeal it by implication. Though courts do not favor the repeal of statutes without express words, yet where the inconsistency between the prior and subsequent statute is clear, the first act will be held to be repealed. The authorities on the point are clear and decisive. *Sedgwick on Statutory and Constitutional Law,* 125 to 128, and cases cited.

As has been seen, the scheme adopted by the act of 1866, in respect to the taxation of personal property, is an assessment against the owner thereof at the place where he resides, no other taxation of that property is permitted or allowed. The act of 1869, adopts a different principle, which is, that personal estate, whether of residents or non-residents, shall be assessed where found, and that "*all taxes*" for state, county, township and city purposes, within the localities mentioned, shall thus be raised. I think this is, in substance, a declaration that personal property situate in these localities shall be taxable only where found, and not as provided in the

act of 1866, at the residence of the owner, if that is elsewhere, and that this is obvious on reading the two acts in connection with each other. If this be so, then the act of 1866, must give way to that of 1869, and there is a repeal of the former act by necessary implication. The result thus reached is just and in accordance with "the spirit of our laws," which is against double taxation.

In the case of *Salem Iron Factory* v. *Inhabitants of Danvers,* 10 *Mass.* 518, it was held, and I think correctly, that the court should not adopt any construction of the laws which would subject the same property to be twice charged for the same tax, unless required by the express words of a statute, or by necessary implication; " while we find in the act of 1869, no express words authorizing the double tax contended for, as has been shown the clear implication is the other way.

The assessment against prosecutors in Chambersburg and Hamilton, for taxes on their goods and chattels in Trenton, must be set aside. If the parties cannot agree on the proper reduction, an application may be made to the court for a reference to a commissioner.

The assessment in Trenton is affirmed, with costs.

Justices DEPUE and VAN SYCKEL concurred.