Lauriat, J.
Defendants Robert Stacey and Brian Ford each stand indicted on charges of rioting (G.L.c. 269, §1) and injuiy to property (G.L.c. 266, §130) arising from their alleged participation in a disturbance at the Billerica House of Corrections, where they were inmates, on April 3, 1995. Stacey and Ford have now moved to dismiss the indictment alleging rioting (95-1107-001 and 95-1109-001) on the ground that G.L. c. 269, §1 does not charge an indictable offense, and to dismiss all indictments on double jeopardy grounds, claiming that they have already been punished administratively for the same conduct which forms the basis of the present indictments.
DISCUSSION
I.
The court will first turn to the defendants’ double jeopardy claim. “The double jeopardy clause of the *264 Fifth Amendment to the United States Constitution protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.” Mahoney v. Commonwealth, 415 Mass. 278 (1993), citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969). The third of these abuses is implicated in the present cases.
The defendants assert, byway of an affidavit from their attorney, that “Upon information and belief subsequent to the riot being quelle [sic] disciplinary hearings were held pursuant to which Robert Stacey and Brian Ford lost all earned and unearned goodtime [sic] and were sentenced to do time in the ‘hole.’ ” Affidavit of Albert C. Belitz In Support Of Motion To Dismiss, ¶3. The Commonwealth contends in its opposition brief that the defendants were not disciplined or punished but were merely segregated from the general inmate population for a period of time in order to insure the orderly operation of the correctional facility. Commonwealth’s Memorandum In Opposition To Defendants’ Motion To Dismiss, Part II.[1]
While it may well be that the present indictments must be dismissed on double jeopardy grounds if the defendants have already been administratively “punished” for the same conduct, Commonwealth v. Forte, 4 Mass. L. Rftr. No. 5, 96 (1995), reconsideration denied (Flannery, J.) (May 30, 1995); Kvitka v. Board of Registration in Medicine, 407 Mass. 140, 144-46(1990); United States v. Halper, 490 U.S. 435 (1989); there is insufficient factual information in the record before the court to reach or determine the merits of this claim. Neither the defendants nor the Commonwealth have presented any records concerning any disciplinary proceedings or any sanctions that may have been imposed upon the defendants as a result of those proceedings. Accordingly, the defendants’ motion to dismiss on this ground is denied without prejudice.
II.
The defendants next contend that because G.L.c. 269, §1, does not contain a penalty provision, it does not charge an indictable offense, and those indictments must therefore be dismissed. That statute provides in pertinent part that:
If five or more persons, being armed with clubs or other dangerous weapons, or ten or more persons, whether armed or not, are unlawfully, riotously or tumultuously assembled in a city or town, . . . the sheriff of the county and his deputies shall go among the persons so assembled, or as near to them as may be with safety, and in the name of the commonwealth command all persons so assembled immediately and peaceably to disperse; and if they do not immediately and peaceably disperse, each of said . . . officers shall command the assistance of all persons there present in suppressing such riot or unlawful assembly and arresting such persons.
While G.L.c. 269, §1 clearly lacks a penalty provision, the Commonwealth asserts that the punishment for violation that statute is provided in G.L.c. 269, §2. That latter statute provides in part that:
Whoever, if required by such . . . officer to depart from the place, refuses or neglects to do so, shall be considered one of the rioters or persons unlawfully assembled, and shall be punished by imprisonment for not more than one year or by a fine of not less that one hundred dollars or more than five hundred dollars or both.
The Commonwealth contends that G.L.c. 269, §§1 and 2 can and should be read together, and that by so doing, the present indictments survive the defendants’ motions to dismiss. The court must disagree.
The indictments in the present cases charging each of the defendants with rioting allege that they “with ten or more persons, did unlawfully, riotously, or tumultuously assemble in a city or town, and upon a command by the deputies of the sheriff of the county to all persons so assembled to immediately and peaceably disperse, did fail to disperse.” While this language may sufficiently place the defendants on notice that their alleged conduct violated G.L.c. 269, §1, it fails to allege a necessary element of the offense that is set forth in G.L.c. 269, §2, namely, that the defendants refused or neglected to depart from the place of the alleged riot. Although these two statutes could perhaps be read or considered together, the court concludes that the indictments against the defendants must allege the necessary elements of both statutes in order to pass muster.[2] Since the present indictments allege only conduct that is proscribed by G.L.c. 269, §1, and not the conduct that is prohibited by G.L.c. 269, §2, the defendants’ motions to dismiss this indictment against each of them must be allowed.[3]
ORDER
For the foregoing reasons, the defendants’ Motions To Dismiss are ALLOWED WITHOUT PREJUDICE with respect to indictments 95-1107-001 and 95-1109-001, and DENIED WITHOUT PREJUDICE with respect to indictments 95-1107-002 and 95-1109-002.

interestingly, the Commonwealth appears to contend that the defendants’ transfer was not a disciplinary matter, while at the same time acknowledging in its Memorandum that these transfers resulted from certain unidentified “disciplinary board” proceedings at the institution.

the court’s consideration of this issue has been made more difficult by reason of the fact that the statutes themselves have not significantly changed since they were first enacted in 1750 and 1786 respectively, and that the only three reported cases dealing with these statutes, Commonwealth v. Berry, 71 Mass. 93 (1855), Commonwealth v. Hall 142 Mass. 454 (1886), and Commonwealth v. Frishman, 235 Mass. 449 (1920), are neither on point nor particularly enlightening.

The court is also troubled by the Commonwealth’s attempt to shoehorn the allegations against the defendants within the four corners of G.L.c. 269, §1. To the extent that participation in prison disturbances are a part of the present landscape in Massachusetts, enactment of a criminal statute to address and punish that conduct would appear to be appropriate and preferable.