## A. J. Reynolds v. The State.

On an indictment for an assault with intent to murder, the defendant may be convicted of an aggravated, or a common assault and battery; and it is not necessary that the jury should, in such a case, declare in terms that they find the defendant guilty of an aggravated assault and battery, or of a common assault and battery; but it is sufficient for them to find that the defendant is guilty of an assault and battery and that they assess the punishment at, &c.; the amount of the punishment determines whether it was regarded by the jury as an aggravated, or common assault and battery.

It is not a good objection in arrest of judgment, that the indictment was signed by one who purported to be District Attorney *pro tem.*; nor that the indictment was not marked filed.

Appeal from Limestone. The appellant was put upon his trial, on an indictment for an assault with intent to murder. The jury found the defendant guilty of an assault and battery, and assessed the punishment at a fine of two hundred dollars. The defendant moved in arrest of judgment, and assigned as grounds of his motion, that the indictment was not signed by the District Attorney, but by Asa M. Willie as District Attorney *pro tem.*, and that the indictment did not appear to have been filed in Court. The Court overruled the motion, and gave judgment upon the verdict, and the defendant appealed.

*Attorney General*, for appellee.

WHEELER, J. The 57th Section of the Act of 1848, concerning crimes and punishments, limits the punishment for a common assault, to a fine of one hundred dollars, or imprisonment for fifteen days. But the next succeeding Section provides that if the offence is of an aggravated nature, the offender may be punished by a fine not exceeding two hun-

dred dollars and imprisonment not exceeding six months. (Dig. Art. 553, 554.)

Whether the offence be of an aggravated nature must be determined by the jury, upon the evidence. But it is not necessary that they should embody in their verdict a distinct finding to that effect. This point was, in effect, determined in the case of Cotton v. The State. (4 Tex. R. 260.) The indictment is the same, whether it be proposed to prove an aggravated assault or not. Under the present indictment, it was competent for the jury to find the defendant guilty of an assault with intent to murder, or a common, or an aggravated assault, as they might estimate the degree of guilt, from the evidence. They evidently were of opinion that the defendant was guilty of an aggravated assault, and assessed the damages accordingly.

The objection that the indictment was not properly signed, is answered by our opinion in the case of Eppes v. The State. (10 Tex. R.)

The remaining objection, that is, that the indictment did not appear to have been filed, could not avail the defendant, especially after verdict. It appeared of record, that the indictment was regularly found and returned into Court by the grand jury; and the omission to mark it filed, was a mere clerical omission, which did not affect the validity of the indictment, or the legality of the conviction.

We are of opinion that there is no error in the judgment and that it be affirmed.

Judgment affirmed.