## Case No. 17,221.

### The WASHINGTON.

[4 Blatchf. 101.] 1

Circuit Court, S. D. New York. Sept. 25, 1857. 2

FORFEITURE OF VESSEL — VIOLATION OF REVENUE LAWS—DEFECTIVE LIBEL.

1. A libel of information against a vessel, to procure her forfeiture for a violation of the revenue laws, must aver that she has been seized for the offence, and that the seizure still subsists.

2. The seizure is a jurisdictional fact, and the absence from the libel of any averment of such seizure is a defect of which advantage may be taken at any stage of the cause.

3. Libel dismissed, for want of such averment.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel of information, filed in rem, by the United States, in the district court, against the steamship Washington, to procure her forfeiture for a violation of the revenue laws. The Ocean Steam Navigation Company intervened, as claimants of the vessel, and excepted to the libel, on the ground that it contained no averment that the vessel was seized within the Southern district of New York, or was arrested on the high seas and brought into this district, and that it did not show any cause of action within the jurisdiction of the court. On the hearing of the exceptions to the libel, the district court (Judge Ingersoll) held, that the court had jurisdiction, and overruled the exceptions, giving leave to the claimants to answer. An answer was put in, denying the facts alleged in the libel as ground of forfeiture, and also insisting that the court had no jurisdiction of the case. To this answer there was a replication. On the trial of the issue of fact thus joined, the district court (Judge Hall) held, that it had no jurisdiction, for the want of proper averments in the libel, of the seizure of the vessel within the district, as required to give jurisdiction, giving leave, however, to the proctor for the libellants to amend the libel in the respects held defective. The proctor refused to amend, and an absolute decree dismissing the libel was entered. [Case No. 17,222.] The libellants appealed from that decree.

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
2 [Affirming Case No. 17,222.]

Philip J. Joachimssen, Asst. Dist. Atty., for libellants.

Francis B. Cutting, for claimants.

NELSON, Circuit Justice. The libel contains no averment whatever of the seizure of the vessel for a violation of the revenue laws, the proctor for the libellants relying altogether upon the seizure by the marshal upon the warrant.

In the case of The Ann, 9 Cranch [13 U. S.] 289, it was held, that if a seizure by a collector under the revenue laws be abandoned, and the property be restored before the libel or information is filed and allowed, the district court has no jurisdiction of the cause. The court say, that the jurisdiction is given to the court of the district, not where the offence was committed, but where the seizure was made; and, further, that it follows from this, that before judicial cognizance can attach upon a forfeiture in rem under the statute, there must be a seizure, for, until the seizure, it is impossible to ascertain what is the competent forum to hear and determine the cause, and that it must be a good subsisting seizure at the time when the libel or information is filed. See, also, The Abby [Case No. 14]; The Merino, 9 Wheat. [22 U. S.] 391; Ben. Adm. p. 171, § 303, and cases there cited; rule 22 in admiralty of supreme court.

The seizure being a jurisdictional fact, necessary to give to the court below cognizance of the cause, and no such fact having been averred, it is well settled that advantage may be taken of the defect at any stage of the proceedings. The district court was, therefore, right in dismissing the libel for this reason. Decree affirmed.