JOHN B. WHILDEN, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] There was a fight between two persons. They were separated. Thirty minutes afterwards, whilst one of them was undergoing an examination, as to his wounds, with his pantaloons down, he was attacked by the other.

*Held,* that the two fights were distinct, and that the first made no part of the second, and therefore, that on an indictment for the second, evidence of the first was not admissible.

[2.] On an indictment for stabbing, the jury may find a verdict of guilty of an assault and battery.

Indictment for stabbing, from Burke County. Tried before Judge HOLT, April Term, 1858.

John B. Whilden was indicted in the Court below for stabbing A. Floyd.

Upon the trial the Attorney General, on the part of the State, offered as a witness,

*A. Floyd,* the prosecuter, who testified, that on the 18th of July, 1856, defendant came up to him (witness) with a *stick* in one hand and a knife in the other, and made an assault upon him by striking him with the stick and cutting him in two places with the knife—one on the right arm, about 3 inches wide, and a quarter deep, and a slight wound on the left arm.   The parties had had a previous difficulty on that day, about 30 minutes before, or a short time, not certain as to the length of time; the parties had not cooled; witness was still excited; had been separated.   When defendant made second attack, witness' wounds were being examined by Mills H. Brinson; witness' pantaloons were down for that purpose.

Upon cross examination of witness, defendant's attorney asked "whether prosecutor did not stab defendant in the first difficulty." To which the Attorney General, on the part of the State, objected, on the ground that it related to a distinct and separate transaction, disconnected with the case at bar. The Court sustained the objection, and defendant excepted.

Defendant's counsel then asked "what occurred between the parties in the first difficulty." The State objected, and the Court sustained the objection, and defendant excepted.

*Mills H. Brinson* testified, that he saw the difficulty between the parties. At the time of the second difficulty he (witness) was standing near Floyd, examining the wounds upon him: Floyd's pantaloons were down for that purpose. Defendant came up and struck Floyd with a stick. As defendant came up, witness saw blood upon his stomach; looked fresh. The time between the first and second difficulties was short, from 20 to 30 minutes. He (witness) cannot be precise as to the time.

Upon cross examination, defendant's counsel asked witness "what occurred between the parties in the first difficulty." To this the Attorney General objected on the same ground as before. The Court sustained the objection, and defendant's counsel excepted.

The case being closed, defendant's counsel asked the Court to charge "that if they believed the defendant guilty of stabbing the said Floyd, there could be no conviction for assault and battery."

The Court refused so to charge, but charged the jury "that the Attorney General might waive the felony, and that the jury might find defendant guilty of assault and battery."

To this charge the defendant's counsel excepted.

The jury found the defendant guilty.

Whereupon defendant's counsel filed his bill of exceptions, saying that the Court erred:

In disallowing the question by defendant's counsel, "whether prosecutor did not stab the defendant in the first difficulty?"

Also, in disallowing the question, "what occurred between the parties in the first difficulty?"

Also, in disallowing the question to the second witness, "What occurred between the parties in the first difficulty?"

In refusing to charge the jury as requested by defendant's counsel, and in charging the jury "that the Attorney General might waive the felony, and that the jury might find defendant guilty of assault and battery."

SHEWMAKE; and A. H. H. DAWSON, for plaintiff in error.

McLAWS *(Attorney General)* and JONES & STURGES, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The first question is, was the Court below right in rejecting the testimony offered as to the *first* fight.

The indictment was founded on the *second* fight.

Unless the first fight made a part of the second; that is, unless it was a part of the *res gestae,* it is clear, that evidence of it, was not admissible. If not a part of the *res gestae,* the first fight could not possibly constitute a defence in a case founded on the second.

Did the first fight make a part of the second?

The Judge certifies, "that both witnesses distinctly stated the interval between the first and second fights, to be half an hour."

The parties had been "separated."

Floyd, the party assaulted in the last fight, was at the time of that assault, with his pantaloons down, undergoing an examination of the wounds received by him in the first fight.

[1.] These being the facts, we think, that the second fight was a new fight, making no part of the first.

Consequently, we think, that the Court was right in excluding evidence of the first fight.

The indictment was for stabbing. On such an indictment, were the jury at liberty to find a verdict of guilty of an assault and battery? The Court told the jury that they were. This is the only other question.

It is laid down by Lord Hale as a general principle, that

the jury "may find the defendant guilty of part and not guilty of the rest." *2 Hale's Pleas of the Crown*, 302.

One of his examples is this; "if a man be indicted upon the statute of 1 *Jac.* of stabbing *contra formam statuti.*, the jury may acquit him upon the statute, and find him guilty of manslaughter at common law." *Id. Ibid.*

There can be no doubt, that the general principle laid down by Lord Hale is true.

It is every day's occurrence for the jury, on an indictment for murder, to find the defendant guilty of any species of manslaughter—even the slightest, and that species does not amount to a felony.

Does the principle apply here?

Every case of stabbing includes the case of an assault and battery; that is to say, an assault and battery makes a part of every case of stabbing.

Why then should not the principle apply to the case of stabbing?

Because, as it is said, the judgment for the assault and battery, would not be a bar to another indictment for the stabbing.

[2.] But we think it would. It would show the party already convicted of a part of that which would go to make up the whole case of stabbing, namely, the assault and battery part, and that case deprived of this part, would really cease to be a case of stabbing; for there cannot be a case of stabbing, that does not include an assault and battery.

Besides, this argument lies equally in the cases in which, beyond question, it is true, that on an indictment for the greater offence, there may be a verdict for the lesser.

It was also argued, that the Solicitor General has no right, on an indictment for stabbing, to elect to have the defendant tried for an assault and battery only; and the reason given was, that, thus, the defendant would suffer in the number of his peremptory challenges.

But, in the first place, the record does not show, that the

Solicitor General made any such election as this : in the next, though it may be true, that the defendant would lose in respect to his peremptory challenges, yet, it is also true, that, in other respects, he would gain far more than a compensation; he would gain exemption from the chance of being punished as a felon in the Penitentiary.

[3.] We think, then, that the principle applies in this case; and, so thinking, we have to affirm the judgment.

Judgment affirmed.