THE PEOPLE, ETC., RESPONDENTS, *v.* CHARLES LYMAN, APPELLANT.

1. INDICTMENT—HOW SIGNED.—In the absence of a statutory requirement, an indictment need not be signed by the United States District Attorney, and therefore if the same is signed by the Deputy District Attorney, the mere signing is surplusage.

2. RECORD MUST CONTAIN ALL THE EVIDENCE.—When the bill of exceptions fails to state that it embodies all the evidence in the case, the Appellate Court will presume that there was other and sufficient evidence to fully sustain the verdict.

3. INSTRUCTIONS—HOW GIVEN.—Instructions should always be given in reference to the evidence in the case, and the whole charge of the court should be construed together.

4. NEWLY DISCOVERED EVIDENCE—CUMULATIVE.—A new trial will not be granted on the ground of newly discovered evidence, when such evidence is cumulative merely.

5. SEVERAL DISTINCT LARCENIES IN SAME COUNT.—The alleged larceny of several distinct articles may be joined in the same count, although such several articles belonged to different owners, where the time and place of the taking of each are the same.

6. JUDICIAL NOTICE.—The court will take judicial notice that one who was in the grand jury room pending the investigation of a charge was a duly appointed Assistant District Attorney.

Appeal from the Second Judicial District Court.
The facts appear in the opinion of the court.

*P. T. Van Zile*, for the people.

No appearance of record for defendant.

Opinion by N. SCHAEFFER, Chief Justice:

The defendant was convicted of grand larceny in the Second Judicial District Court. A motion for a new trial was duly made and overruled, and judgment was entered upon the verdict. The defendant appealed from the order overruling the motion for a new trial and from the judgment, and assigning for error: 1st. That the indictment is not good, because it is signed by J. H. Beaty, Assistant United States Attorney, and not by the United States Attorney for this Territory.

Section 143 of our Criminal Practice Act provides that " an indictment cannot be found without the concurrence of at least twelve grand jurors; when so found it must be indorsed ' a true bill,' and the indorsement must be signed by the foreman of the grand jury." There is no requirement in our statute that the United States Attorney shall sign the indictment, and it has been repeatedly held that without such statutory requirement an indictment need not be so signed. *Anderson* v. *The State*, 5 Pike, 444; *McGregg* v. *State*, 4 Blatchf. 101; *Thomas* v. *State*, 6 Miss. 457; *Ward* v. *State*, 22 Ala. 16.

And in the case of *Reynolds* v. *State*, 11 Texas, 120, it is held that it is no valid objection to the indictment that it is signed by one as district attorney *pro tem.* rather than by the district attorney. We think there was no error in Beaty signing the indictment as Assistant United States Attorney.

Another error assigned is: " That the verdict of the jury is contrary to the evidence produced at the trial and to the law."

The point made and relied upon by the attorney of the defendant in his brief on this assignment of errors, is that " the possession of stolen property is not alone sufficient to convict of larceny, though such possession is a circumstance to be con-

sidered in determining the guilt of the possessor." This is no doubt the true rule; but in this case there is evidence that this defendant drove the cattle charged to have been stolen from the side of the mountain where they were accustomed to range to the road leading to Frisco, where they were disposed of; so that the jury might reasonably infer, from the evidence in the record, that the defendant took the cattle from the possession of the owner. But the bill of exceptions does not purport to contain all the evidence given on the trial, and therefore the presumption is in favor of the verdict.

In the case of *Illinois Cent. R. R. Co.* v. *Garish*, 39 Ill. 371, the court says: " The bill of exceptions in this case fails to state that it contains all of the evidence. It has been so repeatedly held by this court that when it does not appear that all of the evidence is embodied in a bill of exceptions, we will not examine the evidence to ascertain whether it sustains the verdict, that we deem it unnecessary to quote authorities or to discuss the reason of the rule. The bill of exceptions failing to state that it embodies all of the evidence in the case, we will presume that there was other and sufficient evidence to fully sustain the verdict."

In the case of the *People* v. *York*, 9 Cal. 422, to which the attorney for the defendant has referred us, as an exception to the rule above referred to, the court say; " On a motion for a new trial in a criminal case, on the ground that the verdict is against the evidence, it is usual to set out in the statement on which the motion is made, all the material portions of the testimony, and, as a general rule, this court will not review, on appeal, an order refusing a new trial on that ground, unless such testimony is contained in the record. In the present case the testimony is not set forth, but the record states that it gives in substance *all that was proven on the part of the State*. This is sufficient; the facts, as proved, being given, there can be no necessity of setting forth the testimony." We think this case, instead of establishing or creating an exception to the general rule, confirms it, and shows the necessity

of all the testimony, or all the facts proved, to appear in the bill of exceptions to entitle the appellant to a review of the order refusing a new trial on the ground now under consideration.

Another error assigned is, in substance, that the court erred in giving the request of the prosecution, marked V., and refusing to give the requests, marked III. and IV., of the defendant, to the jury.

Instructions should always be given in reference to evidence in the case. On one state of facts as disclosed by the testimony an instruction might be strictly proper and right, whilst on another and different state of facts it would be improper, as calculated to mislead the jury; and this court will not presume error unless the facts from which such a presumption can be fairly deduced are disclosed by the record; and the whole charge of the court should be construed together, and if it presents the law applicable to the state of facts as they appear on the record, or are presumed to have been before the jury in such a manner as would not be likely to mislead the jury, but to aid them in arriving at a just verdict, a case should not, on appeal, be reversed, even if in some isolated and detached part of the charge, a technical mistake of the law might appear. We have considered the charge as given and the several requests refused, and we think that the requests refused do not state the law as applicable to this case, and would, if given, have had a clear tendency to mislead the jury; and the charge, as given, when taken together, presents the law fairly, and there can be no just ground for the defendant to complain.

Another error assigned is: That the court erred in overruling the "defendant's motion for judgment of dismissal after the prosecution had closed their testimony." This is answered by the fact that the record does not purport to contain all the testimony introduced, nor all the facts that had been proven, and hence the court will not review that assignment of error.

It is also assigned as error that the court overruled the mo-

3

The People, etc., v. Charles Lyman.

tion for a new trial because of newly discovered testimony. There is no testimony that the evidence disclosed by the affidavit of S. B. Watson was newly discovered, and besides that, it is merely cumulative, and, therefore, a new trial should not be granted for that reason.

There are also two alleged errors assigned, for the refusal by the court to allow the motion in arrest of the judgment herein, to-wit:

" That the court erred in overruling defendant's motion to have the prosecution elect which charge in the indictment the defendant should go to trial upon," and

" That one James H. Beaty, not a duly appointed assistant prosecuting attorney for Utah Territory, was present in the grand jury room when the charges contained in the indictment were being investigated."

The indictment charges the larceny of several cattle belonging to different persons, but all taken at the same time and place. It has been repeatedly held, in this country, that the same count may join the larceny of several distinct articles, belonging to different owners, where the time and place of the taking of each are the same. *State* v. *Nelson*, 29 Me. 329; *Com.* v. *Williams*, Thatcher, C. C. 722; *Com.* v. *Dobbin*, 2 Pars. 380; *Ben* v. *State*, 22 Ala. 9.

The court will take judicial knowledge of its officers. James H. Beaty was a duly appointed Assistant United States Attorney for this Territory, and as such had the right to be in the grand jury room whilst the jury were taking the testimony in support of the charge of the indictment.

We are, therefore, of the opinion that none of the errors assigned are well taken, and that the judgment should be affirmed.

*Judgment affirmed.*

EMERSON and BOREMAN, J. J., concurred.