[No. 10,762.—In Bank.]
October 30, 1882.

## THE PEOPLE v. LOUIS HELBING.

ONCE IN JEOPARDY—FORMER ACQUITTAL—ASSAULT WITH DEADLY WEAPON—BATTERY—APPEAL.—Upon the trial of an information for assault with a deadly weapon with intent to commit bodily injury, the defendant was convicted of battery, and upon appeal the judgment was reversed and cause remanded for a new trial. At the second trial the defendant pleaded, in addition to his plea of not guilty, the pleas of former acquittal of the offense charged, and twice in jeopardy for the same offense, and these pleas were found against him by the jury, under the instructions of the Court.

*Held:* Battery includes assault, but assault does not include battery, and the defendant therefore could not be convicted of the latter offense under the information; and such a conviction, especially when set aside on the motion of the defendant himself, constituted no bar to a second trial upon the same indictment or information.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the City and County of San Francisco. FREELON, J.

*R. Percy Wright,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

McKEE, J.:

This is an appeal from a judgment of conviction, and an order denying a motion for a new trial, upon the second trial of an information for the offense of assault with a deadly weapon, with intent to commit bodily injury.

The defendant was convicted of battery on the first trial of the information; from that judgment he appealed to the Supreme Court, and, on the hearing of his appeal, the judgment was reversed and the cause remanded for a new trial. At the second trial the defendant pleaded, in addition to his plea of not guilty, the pleas of former acquittal of the offense charged, and twice in jeopardy for the same offense. These pleas were found against him by the jury, under the instructions of the Court. Upon the plea of not guilty, he was found guilty as charged in the information, was so adjudged and sentenced, and from the last conviction the present appeal has been taken.

It is contended, on behalf of the appellant, that the conviction is erroneous, because by the former conviction of "battery," he was acquitted of the offense for which he now stands convicted. But the former conviction did not legally operate as an acquittal of the offense charged in the information, unless it was for an offense included within the offense charged; and that presents the question, whether the offense of "battery" is included within or is an ingredient of the offense of assault with a deadly weapon, with a felonious intent.

The essential elements of the last-named offense are the assault, the weapon, and the intent. An assault is an unlawful attempt coupled with a present ability to commit a violent injury upon the person of another. (Pen. C., § 240.) This offense is punishable by fine or by imprisonment in the

County Jail (Id. § 241), and is therefore a misdemeanor; but when made with a deadly weapon, with a felonious intent, it develops into a felony (Id. §§ 221, 245), which, in its elements and unity, includes the misdemeanor. (*People* v. *Vanard*, 6 Cal. 562; *People* v. *English*, 30 id. 214; *Ex parte Ah Cha*, 40 id. 426; *Ex parte Max*, 44 id. 579.)

The offense of battery is the unlawful use of force or violence upon the person of another; it is also, like an assault, a misdemeanor, because it is punishable by fine or imprisonment in the County Jail, or by both fine and imprisonment (Id. §§ 242, 243); it is therefore a greater offense than assault, and, being the greater, it includes the less. But the less does not include the greater. Battery, therefore, includes assault, but assault does not include battery; nor is the latter included within nor an ingredient of the offense of assault with a deadly weapon with a felonious intent. Upon trial for the latter offense a defendant could not equally be convicted of battery; and such a conviction, especially when set aside on motion of defendant himself, constitutes no bar to a second trial upon the same indictment or information. To entitle a defendant to the plea of *autrefois convict* or *acquit*, it is necessary that the offense charged be the same in law and in fact. (*Commonwealth* v. *Roby*, 12 Pick. 504; *State* v. *Standifer*, 5 Port. 530; *The King* v. *Taylor*, 3 Barn. & Cress. 502.)

There is no error in the record prejudicial to the rights of the appellant.

Judgment and order affirmed.

Ross, McKinstry, Thornton, Myrick, and Sharpsein, JJ., concurred.