COMMONWEALTH vs. PATRICK HALL.

Hampshire.    Sept. 21. — Oct. 21, 1886.    DEVENS & W. ALLEN, JJ.,
absent.

A conviction for a simple assault may be had on an indictment which charges in
one count a riot and an assault committed riotously.

INDICTMENT alleging that the defendant, on September 12, 1885, "together with divers other evil-disposed persons to the number of five and more, whose names are to the said jurors unknown, at Northampton . . . . unlawfully, riotously, and routously did assemble and gather together, to the disturbance of the public peace, and being so then and there assembled and gathered together, in and upon one Mary Detter, then and there unlawfully, riotously, and routously did make an assault, and the said Mary Detter then and there unlawfully, riotously, and routously did beat, wound, and ill treat, and other wounds to the said Mary Detter then and there unlawfully, riotously, and routously did, against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided."

Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows :

The evidence for the government tended to show that, late in the night of the day alleged in the indictment, the defendant and five other young men drove to the house of Mary Detter, a widow, in Northampton. The woman and all her family, consisting of several children, had retired. She heard a loud knock at the front door, and inquired who was there, and what was wanted. The defendant said, " An officer. Does Lafayette Welsh live here ? " Being told by her, " No, he lives across the street," one of the men replied, " He lives here. Open the door, if you don't, I 'll break it in." Mrs. Detter then opened the door, and the defendant with two others went in, one of them shutting the door and locking it. The defendant then took a lighted lamp which Mrs. Detter had brought into the hall when she came to the door, and searched the premises, disturbing nothing in the rooms entered, and accompanied by Mrs. Detter, the rest standing at the door. There was some conversation, in which the rest

joined ; and then one offered a bottle and asked Mrs. Detter to drink, which she refused. The defendant put his arm around her neck, and, taking hold of two rings which she wore, asked her for them, and tried to get them off. She told him to keep his hands away from her. Upon being threatened by her, he did not persist in further familiarity, and took his arm away from her person. None of the others had any part in this act, and did nothing to incite the defendant to it, nor to show their approval of it. There was no other act of disorder or violence done by any of those present, and they soon after drove away.

The evidence for the defendant tended to contradict that introduced by the government.

The defendant, among other requests for instructions which were granted, asked the judge to instruct the jury as follows : " 1. In order to convict, it must be shown that the defendant and others, to the number of three or more, entered the house of the person upon whom the assault is alleged to have been made, in pursuance of a common resolution and purpose to commit the same, and that, while there, they all participated and acted in concert in the commission thereof. 2. If the jury are satisfied that no one but the defendant touched the person of Mrs. Detter, the mere presence of the others, without actually taking any part or helping or inciting by their words or acts, would not render them jointly liable upon so much of the indictment as relates to the assault, and the defendant must be acquitted. 3. Any and all of the acts alleged in the indictment as constituting an offence for which the defendant can be convicted must be the joint acts of three or more persons, with such circumstances of actual force or violence, or of an apparent tendency thereto, as are naturally apt to strike terror into people, the public, or the neighborhood, and cannot be confined to acts of such a character done in relation to the inmates of a private house only."

The judge refused to give these instructions ; and instructed the jury that they could convict the defendant of an assault, or of an assault and battery, if they believed the evidence of the Commonwealth, although it was committed by the defendant alone, and was not committed riotously or routously, as charged in the indictment.

The jury found the defendant guilty of an assault only; and he alleged exceptions.

*C. G. Delano*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

C. ALLEN, J. The general rule is familiar, that a defend-ant in an indictment may be convicted of any offence which is well charged therein, and is proved, although the whole charge contained in the indictment is not proved. But the defendant contends that the present case falls within an exception to the rule, and that no conviction for assault and battery only can be had on an indictment which charges, in one count, a riot and an assault and battery committed riotously. The decision in *Rex* v. *Heaps*, 2 Salk. 593, *S. C. nom. Rex* v. *Sudbury*, 1 Ld. Raym. 484, is chiefly relied on to support this view; and it certainly has been often considered by text-writers as going to this extent, though, on examination, it will be seen that it does not neces-sarily do so. The indictment in that case charged several with riot and a riotous assault, and the jury found a general verdict of guilty against two, and acquitted the rest. On a motion in arrest of judgment, it was considered clear that the two defend-ants who were convicted could not be held guilty of a riot, since the others were acquitted, and two persons are not enough to make a riot; and being thus, in contemplation of law, discharged of the riot, it was held that no judgment upon the general ver-dict of the jury could be entered against them for the assault and battery. No special verdict of guilty of the assault and battery was returned, and the question did not arise whether such a special verdict could have been sustained.

In principle, there is no good reason for taking this case out of the general rule, more than other cases where there is a charge of assault and battery, with circumstances of aggravation which the evidence fails to prove. The whole current of modern decisions is opposed to establishing such an exception; and the decision in *Shouse* v. *Commonwealth*, 5 Barr, 83, cited with appro-bation in *Dinkey* v. *Commonwealth*, 17 Penn. St. 126, is directly in point. See 1 Bennett & Heard's Lead. Cas. 551–554; 2 Ib. 38.

*Exceptions overruled.*