THE STATE OF KANSAS v. AUGUST SCHREIBER *et al.*

1. CRIMINAL CASE — *Appeal* — *Judgment, Conclusive.* On an appeal in a criminal case where no specific errors are alleged, and the record shows that the defendants had a fair and impartial trial, and the verdict of the jury is clearly sustained by the evidence, such verdict and judgment thereon are conclusive.

2. ASSAULT AND BATTERY — *Intent to Kill* — *No Error in Charge.* Where an information charges that the defendants did assault, beat and wound with a deadly weapon, with intent to kill, and the record shows that the defendants did so assault and beat with such deadly weapon, *held,* not error for the court to charge the jury that such information and charge includes the less offense of assault and battery.

*Appeal from Decatur District Court.*

INFORMATION filed against the defendants, charging them with an assault with a deadly weapon with intent to kill one Manville Crouse. Trial at the April term, 1888; verdict for assault and battery found against the defendants, who were sentenced to imprisonment in the county jail for the period of five months, and to pay the costs of the prosecution. They appeal.

*O. R. Fegan,* and *S. D. Decker,* for appellants.

*L. B. Kellogg,* attorney general, for The State; *Irwin Taylor,* of counsel.

Opinion by CLOGSTON, C.: Two complaints are now made: First, that the evidence was not sufficient to sustain the verdict; second, misinstruction of the court to the jury. After a careful examination of the record, we are free to say that the evidence fully warrants and sustains the verdict. Six men were engaged in a fight; defendants, using dangerous weapons, inflicted therewith several severe and dangerous wounds upon two persons thus engaged. As to who commenced the assault is a disputed fact. The record seems to show that the defendants had a fair and impartial trial, and no claim to the contrary is made. Where that fact is shown we think the judgment of the jury ought to be conclusive, and in this case we think the defendants have nothing to complain of, and ought to be satisfied with the verdict and judgment.

The instruction complained of is as follows:

"1. The defendants are charged in the information with having on February 21, 1888, at said county and state, assaulted and beat with deadly weapons one Manville Crouse with intent to kill him. Included in the principal crime charged (which is a felony) is the lower degree or grade of offense known as 'assault and battery,' which last is a misdemeanor, and you can, if the evidence should warrant you in so doing, find them, or either of them, guilty of either the principal crime charged or the lower degree of offense included therein."

This instruction we think fairly states the law. Where a defendant is charged with an assault with a deadly weapon, with intent to kill, that charge embodies the less offense of assault and battery, and it was competent, proper and the duty of the court to so instruct the jury. (*The State v. Cooper*, 31 Kas. 505.) No specific instructions were asked by the defendants, and we think the instruction of the court was competent and proper.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.