## STATE OF MAINE *vs.* WILLIAM HENRY.

### Kennebec.    Opinion April 12, 1904.

*Criminal Law.    Practice,*  Motion in arrest, *Verdict,*  surplusage.    Assault with dangerous weapon.

The rule which prevails in this State as well as at common law in criminal procedure is, that a motion in arrest of judgment will be granted only on account of some intrinsic defect apparent on inspection of the record.

But judgment will not be arrested when a part of the verdict that is repugnant to the indictment may be rejected as surplusage.

The respondent was indicted for felonious assault with intent to kill being armed with a dangerous weapon.  The jury rendered a verdict of guilty of assault and battery with a dangerous weapon.  *Held;* that assault and battery armed with a dangerous weapon means no more than assault and battery.  *Also;* that the words "and battery" may be rejected as surplusage.

Exceptions by defendant.    Overruled.

The defendant was found guilty by a jury in the Superior Court for Kennebec County of "assault and battery with a dangerous weapon" and thereupon filed a motion in arrest of judgment on the ground that the verdict so rendered was for an offense not known to the laws of the State.  The presiding justice having overruled the motion, the defendant took exceptions.

*Thos. Leigh,* County Attorney, for the State.

*Geo. C. Sheldon and M. E. Sawtelle,* for defendant.

The indictment will not sustain the verdict, assault and battery, although the minor offense, since the indictment does not contain an averment of assault and battery.  It is true as an academic proposition of law, that the major offense assault armed with a dangerous weapon with intent to kill, includes the minor offense, assault and battery; but this general proposition as applied to specific indictments depends upon the averments in the indictment.  The minor offense must be accurately stated, in every case, in the indictment, in order to sustain a conviction under indictment for the major offense. The minor offense must be an ingredient of the major as a generic

proposition, and fully averred, in the indictment, in order to sustain a conviction for it.    Whart. Crim. Pl. & Prac. 9th ed. c. 3, § 250, and cases.

The offenses competent to sustain a verdict under this indictment are two, assault armed with a dangerous weapon, the major; and simple assault.    *State* v. *Phinney,* 42 Maine, 384.

The indictment for assault, armed with a dangerous weapon, with intent to kill, will sustain a conviction for assault, but not for assault and battery, unless the indictment contains an averment of assault and battery.    2 Ency. Pl. & Pr. p. 859, and cases; *State* v. *McDevitt,* 69 Iowa, 549; *State* v. *McAvoy,* 73 Iowa, 557; *Young* v. *People,* 61 Ill. App. 434.

It was held that a conviction for simple assault, under indictments similar to the one at bar, no battery being averred in the indictment, was the only valid verdict, in the following cases:—*State* v. *Grimes,* 29 Mo. App. 470; *Whilden* v. *State,* 25 Ga. 396, 71 Am. Dec. 181; *White* v. *State,* 13 Ohio, 569; *Com.* v. *Hall,* 142 Mass. 454; *McBride* v. *State,* 7 Ark. 374; *Com.* v. *McGarth,* 115 Mass. 150.

The issue under the indictment at bar is two-fold:

(1) Assault, armed with a dangerous weapon, with intent to kill; (2) Simple assault.    The issue assault and battery is not raised under this indictment, hence, the verdict is not responsive to the issue. The verdict therefore is fatally defective, by reason of its unresponsiveness and variance.

The ostensible verdict, under the indictment, to wit, simple assault, is a minor offense, as compared with the actual verdict rendered, to wit, assault and battery with a dangerous weapon, and is fatally defective for the reason that the major offense is never supported by the minor offense.    *State* v. *Leavitt,* 87 Maine, 72.

The words "and battery with a dangerous weapon," are neither surplusage nor redundancy, since they are not merely descriptive of the word "assault"; but so far as the words, "and battery" are concerned, together with the word "assault," constitute an offense superior to and distinct from an assault, since assault and battery is a specific offense, defined by the statutes of Maine, with an implied difference as to the severity of the penalty therefor.    The respondent

moreover under the verdict at bar is placed in jeopardy, as to the penalty.

There is no such offense, known to the statutes of Maine, or to the common law, as assault and battery with a dangerous weapon.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. The respondent was indicted at the September term A. D. 1903 of the Superior Court of Kennebec County for a felonious assault with intent to kill being armed with a dangerous weapon.

The jury rendered a verdict of guilty of assault and battery with a dangerous weapon.

A motion in arrest of judgment was filed by the respondent for the reason, "The verdict rendered by the jury was defective, illegal and wrong, in that it was at variance with the indictment; further the verdict rendered finds your respondent guilty of an offense not known to the laws of this State, to wit;—assault and battery armed with a dangerous weapon."

The motion was overruled by the presiding justice and the respondent excepted.

It is urged by the attorney for the State that the objection being to a wrong verdict, the proper remedy is not a motion in arrest of judgment, but a motion to have the verdict set aside and a new trial granted, citing as authority State v. Snow, 74 Maine, 354. The language of the court under the particular circumstances of that case must be understood as deciding that where proof would be required to show that the verdict of the jury was wrong, a motion in arrest of judgment cannot be entertained. The rule which prevails in this State as well as at common law is, that such a motion can only be made on account of some intrinsic defect apparent on inspection of the record. State v. Bangor, 38 Maine, 592; State v. Carver, 49 Maine, 588, 77 Am. Dec. 275; State v. Murphy, 72 Maine, 433.

The record shows that the verdict does not in form follow the indictment, and consequently judgment must be arrested unless such

part of the verdict as is repugnant to the indictment may be rejected as surplusage. It is claimed in the motion and exceptions that assault and battery armed with a dangerous weapon is an offense unknown to the law. A verdict of assault and battery may be based upon evidence showing personal violence under circumstances in aggravation or mitigation of the offense, relevant to the penalty, which need not be averred. But their averment in the indictment would be harmless, and needless particulars in the verdict which is otherwise proper, would not be prejudicial error. It amounts to no more than assault and battery. *Wilson* v. *People,* 24 Mich. 410; *Wright* v. *People,* 33 Mich. 300.

The more important question for decision is, whether the verdict rendered under this indictment which contains no allegations of violence, can be sustained. There are authorities which appear to hold that an indictment for assault with intent to kill includes as a minor offense, assault and battery, as well as simple assault. *Reynolds* v. *State,* 11 Texas, 120; *Gardenhier* v. *State,* 6 Texas, 348; *State* v. *Bowling,* 10 Humph. (Tenn.) 52; *State* v. *Kennedy,* 7 Blackf. (Ind.) 233; *Gillespie* v. *State,* 9 Ind. 380; *Clark* v. *State,* 12 Ga. 350; *State* v. *Graham,* 51 Iowa, 72. But an examination of these cases shows, or by implication it appears, that actual violence was averred, and there is no conflict between them and authorities which hold restrictively that upon an indictment for assault with intent to kill there may be a verdict for assault, but not for assault and battery, unless the averments charge, and the proof establishes an actual battery. *Stewart* v. *State,* 5 Ohio, 241; *State* v. *Schreiber,* 41 Kan. 307; *State* v. *Stedman,* 7 Port. (Ala.) 495; *State* v. *Grimes,* 29 Mo. App. 470; *Whilden* v. *State,* 25 Ga. 396, 71 Am. Dec. 181; *White* v. *State,* 13 Ohio (State) 569; *Com.* v. *Hall,* 142 Mass. 454.

From authorities cited and those which follow, it will be found that a practically universal rule prevails, that the verdict may be for a lesser crime which is included in a greater charged in the indictment, the test being that the evidence required to establish the greater would prove the lesser offense as a necessary element. The exception was formerly recognized in England and in some American

states, that is cases where the graver crime was a felony, a verdict for
a misdemeanor could not be sustained.    The reason assigned was
that the criminal procedure then existing was less favorable to a per-
son indicted for felony than for a misdemeanor, but the reason has
ceased, and consequently the exception.    *State* v. *Waters*, 39 Maine,
54; *State* v. *Phinney*, 42 Maine, 384; *State* v. *Leavitt*, 87 Maine,
72; *Wall* v. *State*, 23 Ind. 150; *Smith* v. *State*, 2 Lea (Tenn.) 614;
Wharton's Criminal Pl. and Pr. (9th ed.) § 250.

By statute in this State offenses against lives and persons are
defined, which include assault as an element, and among them is the
offense charged in this indictment.    In accordance with the rule
stated, the jury could have rendered a verdict of simple assault with
or without the entry of nolle prosequi as to the intent of killing; and
the intent not being proved, that was the only proper verdict, because
violence, the element which distinguishes assault and battery from
assault, is not alleged.    But assault is included in the specific offense
of assault and battery, and judgment may follow for the minor
offense unless the verdict is vitiated by reason of adding improperly
the words, "and battery."    While these words added to those of a
correct verdict define another crime not justified by the indictment, it
is to be observed that the same penalty and the same judgment apply
to the one as to the other, and we perceive no reason, and find no
authority why these words may not be regarded as surplusage.    1
Bishop Criminal Law, § 819; *Dyer* v. *Com.* 23 Pick. 402; *Com.* v.
*Fischblatt*, 4 Met. 354; *Com.* v. *Stebbins*, 8 Gray, 492; *State* v.
*Stedman*, 7 Port. (Ala.) 495, supra; *Com.* v. *Hall*, 142 Mass. 454,
supra.    In *Bittick* v. *State*, 40 Texas, 117, in essential features like
the case at bar, Gray, J., says, "It is true that the evidence does not
prove the battery, and the formal and proper verdict on such an
indictment would be only guilty of aggravated assault.    But that
the verdict does not find this is clear.    Does its including also a bat-
tery vitiate the whole?    We think not; and especially as the same
penalty and judgment apply to the one as to the other.    It is not a
material error."

A man convicted of assault is protected thereby from prosecution
for the battery in which it may have terminated, because said Totten,

. J., "The one is a necessary part of the other; and if he be now punished for the battery, he will thereby be twice punished for the assault." *State* v. *Chaffin,* 2 Swan, (Tenn.) 493; Bishop's New Criminal Law, § 1058. And in this case the respondent cannot be heard to complain of judgment against him for the smallest in a series of statutory offenses where a jeopardy of the lower is a bar to each and all of the higher offenses. Bishop's New Criminal Law, §§ 1057 , 1070a.

*Exceptions overruled. Judgment for the State for assault.*