4970. HOLLIS *v.* THE STATE.

RUSSELL, J. 1. One accused of stabbing can lawfully be convicted of assault and battery, where there is evidence of an assault and battery independently of the stabbing. *Whilden* v. *State*, 25 *Ga.* 396 (71 Am. D. 181); *Reeves* v. *State*, 74 *Ga.* 375; *Sessions* v. *State*, 115 *Ga.* 22 (41 S. E. 259). In the present case the fact that the accused struck the prosecutor was established by his own statement as well as by the testimony of the prosecutor. According to the defendant's statement he struck the prosecutor with his fist. According to the prosecutor the blow was struck with the jaws of a knife-handle. In either event the lawfulness of the attack depended upon the justification of the accused in delivering the blow; and upon this point the jury found adversely to him.

2. When the charge of the court is considered as a whole, it is manifest that the excerpts to which exception is taken could not have harmed the defendant, and did not contain any expression or intimation of opinion on the part of the court as to what had been proved. Each of the legal propositions stated by the court is correct in the abstract,

and applicable to the evidence; and if fuller or additional instructions were desired, they should have been requested.

3. Even a trespasser, where he is rightfully ordered to leave a building by one having the premises in charge, is entitled to be allowed such a period of time as is necessary to enable him to make his exit from the room or building he is ordered to vacate. The amount of time reasonably necessary to enable such a trespasser to effect his departure may be varied by circumstances, and is a question of fact for determination by the jury. The trial judge did not err in so charging the jury.

*Judgment affirmed.*

DECIDED AUGUST 25, 1913.

Accusation of stabbing—conviction of assault and battery; from city court of Elberton—Judge Grogan. May 26, 1913.

*Worley & Nall,* for plaintiff in error.

*Boozer Payne,. solicitor,* contra.