## 6137.  GENTRY v. THE STATE.

BROYLES, J.  1. In the "practice act," approved August 21, 1911 (Acts 1911, p. 149), it is declared that "no judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue, or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial." In the present case the particular points, to wit, that there was no proof of venue, or of the time of the commission of the offense, were not raised by any ground of the motion for new trial, and the act cited controls the case on these points.  *Marshman* v. *State*, 138 *Ga.* 864 (76 S. E. 572); *Wall* v. *State*, 10 *Ga. App.* 136 (72 S. E. 934); *Parrish* v. *State*, 10 *Ga. App.* 836 (74 S. E. 445).

2. There was some evidence to support the verdict, and, no legal error having been committed, the refusal of the trial judge to grant the motion for a new trial will not be reversed.        *Judgment affirmed.*

DECIDED JANUARY 20, 1915.

Indictment for abandonment of child; from Haralson superior court—Judge Price Edwards.  October 16, 1914.

*J. S. Edwards, Griffith & Matthews,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

---

## 6141.  JONES v. THE STATE.

BROYLES, J.  1. When the charge of the court is considered in its entirety, it is clear that the excerpts objected to did not harm the defendant. Each of the legal propositions stated by the court is correct in the abstract, and applicable to the evidence.  *Hollis* v. *State*, 13 *Ga. App.* 307 (79 S. E. 85).

2. The charge of the court substantially covered all the issues with sufficient fullness, and was clear, correct, and impartial; and if any fuller or more explicit instructions were desired upon any feature of the case, developed by the evidence or the defendant's statement, a written request therefor should have been submitted.  *Hollis* v. *State*, supra; *Saunders* v. *State*, ante, 344 (83 S. E. 148); *Shelton* v. *State*, ante, 341 (83 S. E. 152); *Bird* v. *State*, 142 *Ga.* 596 (83 S. E. 238).

3. The ground of the motion for a new trial, based upon alleged newly discovered evidence, not having been referred to in the brief of counsel for the plaintiff in error, is considered abandoned.

4. The evidence authorized the verdict.  There was no error of law, and the judgment refusing a new trial is        *Affirmed.*

DECIDED JANUARY 20, 1915.

Indictment for assault with intent to murder; from Fulton superior court—Judge B. H. Hill.  October 24, 1914.

*J. W. Weaver, Fred Schrimper,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.