STATE, Respondent, v. COTTON, Appellant.

(155 N. W. 8.)

(File No. 3826.    Opinion filed December 1, 1915.)

1. **Indictment and Information—Charging Higher Degree of Crime, Conviction for Lower—Rule of Pleading.**

    While the general rule is that where a crime is divided into degrees, an information or indictment sufficiently charging the higher degree is sufficient to sustain the conviction for a lower degree of the same crime, without specific allegations of fact differentiating the degrees, except where the degree depends on some extrinsic fact attending the commission of the act constituting the crime; yet the rule is different where certain elements of two crimes are identical but one contains additional elements not found in the other, in which latter case the allegations must cover such additional elements, in order to sustain a conviction.

2. **Indictment and Information—Arrest of Judgment—"Battery," Whether Included in "Assault" With Intent—Degree of Crime—Statutes.**

    An information charged that defendant offered to assault, and did assault, another by raising a spade over his head and striking at him with intent to do great bodily harm. Code Cr. Proc., Sec. 409, authorizes the jury to find defendant guilty of any offense, the commission of which is necessarily included in that with which he was charged. Sec. 310 defines assault as any wilful and unlawful attempt or offer, with force or violence, to do a corporal harm to another; and Sec. 311 defines a battery as a wilful or unlawful use of force on the person of another. Held, that, assault being a different offense from a battery, the information will not support a verdict of assault and battery.

3. **Criminal Law—Appeal—Assault and Battery, Verdict for—Battery Disregarded, When—Harmless Error.**

    Penal Code, Sec. 314, prescribes the same punishment for assault as for battery; and Code Cr. Proc. Sec. 409, authorizes a verdict finding the defendant guilty of any offense the commission of which is necessarily included within the charge. Accused was convicted of assault and battery. Held, that the verdict, as to the crime of battery, was void for want of proper allegation in the information, which charged only an assault;

and it was no more prejudicial as a conviction of battery than would have been a second verdict finding him guilty of some entirely different crime; and, in view of Sec. 314, the verdict of assault was sufficient to sustain a judgment.

Appeal from Circuit Court, Day County. Hon. Thomas L. Bouck, Judge.

The defendant, Arthur Cotton, was convicted of assault and battery, and from an order denying a motion in arrest of judgment, he appeals. Affirmed.

*C. C. Rush,* and *Potter and Potter,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *W. G. Waddel,* State's Attorney, for the State.

(2) To point two of the opinion, Appellant cited:

Const. Art. 6, Sec. 7; Code Cr. Proc. Sec. 89; Pen. Code, Secs. 310, 311, 409; McClain on Criminal Law, (Vol. 1, p. 239.); State v. Marcks (N. D.) 58 N. W. 25; Cyc. Vol. 3, p. 1042.

Respondent cited:

Mulloy v. State, 58 Neb. 209, 78 N. W. 525.

(3) To point three of the opinion, Respondent cited:

Pen. Code, Sec. 314; Bittick v. State, 40 Tex 117; State v. Henry, 98 Me. 561, 57 Atl. 891.

SMITH, J. Appellant was charged with the crime of assault with intent to do great bodily injury. The information contained no allegation of battery or personal violence. The verdict was for assault and battery. From an order denying a motion in arrest of judgment, defendant appeals.

[1, 2] That portion of the information material upon this appeal alleges that the accused—

"offered to assault, and did assault, the said * * * by raising said spade over the head of the said * * * and with the said spade, motioning and striking at and toward the said * * * with intent to do great bodily harm to her," etc.

Section 409, Code of Criminal Procedure, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he was charged in the indictment or information, or of an intent to commit the offense."

The precise question here is whether the crime of "battery" is necessarily included within the facts constituting the crime

which is charged in the information. Section 310, Penal Code, defines the crime of assault as follows:

"An assault is any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another."

This crime is clearly comprehended and included within the allegations of the information. Section 311, Penal Code defines the crime of "battery" as follows:

"A battery is any willful or unlawful use of force or violence upon the person of another."

It is perfectly clear that the information does not in terms charge a willful or unlawful use of force or violence "upon the person of another," and therefore the crime of battery is not "necessarily included" as one of the acts or facts charged in the information. The general rule is that where a crime is divided into degrees, an information or indictment which sufficiently charges the higher degree is sufficient to sustain a conviction of a lower degree of the same crime, without specific allegations of facts differentiating the degrees, except where the degree is made to depend on some extrinsic fact attending the commission of the specific act constituting the crime. The rule of pleading is different where certain of the elements of two distinct crimes are identical, but one contains additional elements not found in the other. In the latter case, the indictment or information must contain allegations covering such additional elements to sustain a conviction of such crime. This precise question was before the court in Young v. People, 6 Ill. App. 434. In that case the court said:

"An assault being a different offense from an assault and battery, * * * and not necessarily including it, an indictment for the former * * * will not support a verdict finding the latter."

In that case the accused was charged with an assault with a deadly weapon with intent to commit a bodily injury. The verdict was for assault and battery. It was held error to render judgment upon the verdict. This ruling was followed in Moore v. People, 26 Ill. App. 138, where the court said:

"The rule of law is that where a defendant is put upon his trial for a crime which includes an offense of an inferior degree, the jury may acquit of the higher offense charged, and convict of the lesser, although there may be no count in the indictment

specifically charging that particular offense; but no conviction can be had for an offense which includes some ingredient which is not necessarily included in the charge set forth in the indictment. * * * An assault and assault and battery are separate and distinct offenses under our statute. See sections 20, 21, Criminal Code. An assault with a deadly weapon with intent to inflict a bodily injury may be committed with or without an actual battery; and, as we have seen, no battery is alleged in the present indictment. It follows from what has been said that the indictment did not necessarily include in its terms the offense of which the plaintiff in error was convicted."

The following, as well as a number of other cases, sustain this rule: Furnish v. Commonwealth, 14 Bush (77 Ky.) 180; State v. Marcks, 3 N. D. 532, 58 N. W. 25; State v. Grimes, 29 Mo. App. 470; Whilden v. State, 25 Ga. 396, 71 Am. Dec. 181; Com. v. Hall, 142 Mass. 454, 8 N. E. 324; People v. Helbing, 61 Cal. 620; 1 McClain's Crim. Law, p. 239, 3 Cyc. 1042; Bryant v. State, 41 Ark. 359. In the latter case, the court said:

"Appellant could not properly have been convicted of an assault and battery under the indictment, because it alleges no battery. See Sweeden v. State, 19 Ark. 205."

[3] The Attorney General in his brief states that he is "inclined to concede" that the defendant cannot be convicted of a battery under this information, but contends that when the jury found the defendant guilty of assault and battery, it necessarily found him guilty of simple assault; that the words "and battery" should be treated as surplusage, and inasmuch as the punishment for the crime of assault and the crime of battery is the same, under section 314, Penal Code, appellant cannot be prejudiced by a verdict finding him guilty of battery. Counsel cites two cases which appear to sustain this contention: State v. Henry, 98 Me. 561, 57 Atl. 891, and Bittick v. State, 40 Tex. 117. In the former case, the accused was charged with a "malicious assault with intent to kill, being armed with a dangerous weapon." The jury returned a verdict of "assault and battery with a dangerous weapon." The court held that the verdict was, in legal effect, a verdict of assault and battery, but, the intent to kill not being proved, the only proper verdict was for simple assault, for the reason that the indictment contained no allegation of a battery. The court

further held that the words "and battery" added another crime not justified by the indictment. It would seem then that the jury found the defendant guilty of two distinct crimes, viz., an "assault" and a "battery," the latter crime not included within the allegations of the indictment. The court says:

"It is to be observed that the same penalty and the same judgment apply to the one as to to the other, and we perceive no reason, and find no authority why these words [and battery] may not be regarded as surplusage."

The Texas case above cited, which is very similar in its essential facts, holds that because the same penalty and judgment apply to both crimes, "it is not a material error." It may be observed, however, that the Texas statute upon which the latter decision is founded is essentially different from our own, in that it provides that, in indictments for assaults with intent to commit certain crimes, including the intent to murder—

"the jury may acquit the defendant of the offense charged, and may, according to the facts of the case, find the defendant guilty of an aggravated assault, or of assault and battery, or of a simple assault, and affix the proper penalty to which such offense is liable by law."

This statute apparently authorizes a verdict based upon "the facts of the case," rather than upon the specific allegations of the indictment. But the statute of this state provides that the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information. In the case at bar, the verdict of the jury finds the defendant guilty of two distinct crimes, as defined by the statutes of this state, one of which, "assault," is necessarily included in that which is charged in the information, while the other, "battery," is not included in the information. The verdict as to the crime of battery was therefore wholly void for want of proper allegation in the information, and had no more force or effect than would a second verdict by the jury, finding the accused guilty of the crime of arson or larceny. We are of opinion that such a verdict could not, in any possible manner prejudice the legal rights of the accused, for the reason that a conviction of assault, which was a part of the entire transaction charged in the information, would constitute a complete bar to

further prosecution. Whether the unauthorized verdict finding the accused guilty of a crime not charged be called "surplusage" is immaterial. It is merely void, and cannot prejudice any of appellant's legal rights. The verdict of assault is sufficient to sustain the judgments. State v. Henry, supra; People v. McDaniels, 137 Cal. 192, 89 Pac. 1006, 59 L. R. A. 578, 92 Am. St. Rep. 81; People v. Helbing, 61 Cal. 620.

The judgment and order appealed from are affirmed.