### 12380. ADAMS v. THE STATE.

LUKE, J. 1. "No judgment of a trial court in a criminal case shall be reversed by either the Supreme Court to the Court of Appeals for lack of proof or venue, or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial." No such point was raised in this case. See *Gentry* v. *State*, 15 *Ga. App.* 641, and cit.
2. The purported newly discovered evidence would not likely produce a different result upon another trial. Indeed, if the evidence alleged to be newly discovered were tendered, it would be largely hearsay and impeaching.
3. There was some evidence to authorize the verdict. The jury believed the evidence for the State, which would authorize the defendant's conviction, and disbelieved the evidence for the defendant. The verdict has the approval of the trial judge. There were no errors of law upon the trial of the case. For no reason assigned was it error to overrule the motion for a new trial.

    *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
                    DECIDED JUNE 14, 1921.

Accusation of assault and battery; from city court of La-Grange — Judge Duke Davis. March 18, 1921.

*L. B. Wyatt*, for plaintiff in error.

*L. L. Meadors*, solicitor, *Henry Reeves*, contra.