103 So.2d 115 (1958)
Thomas H. GREENE, Petitioner,
v.
CITY OF GULFPORT, Respondent.
Supreme Court of Florida.
April 16, 1958.
Rehearing Granted and Opinion Adhered to June 11, 1958.
*116 Holland, Betts & Hobson and T. Frank Hobson, Jr., St. Petersburg, for petitioner.
Noble C. Doss, Gulfport, for respondent.
ROBERTS, Justice.
Petitioner was tried in the municipal court of the City of Gulfport, respondent here, on a charge of simple assault arising out of a traffic incident. The trial judge heard the evidence and found that "the evidence is amply sufficient to support a conviction on the charge of assault", but for reasons not necessary to relate here he "reduced" the charge to reckless driving and sentenced petitioner to pay a fine of $100 and suspended his driver's license for three months. On appeal by the petitioner to the circuit court, the following order was entered:
"It Is Ordered and Adjudged that the conviction and sentence of the appellant, Thomas H. Greene, for reckless driving is hereby reversed and based upon the record this Court finds the said defendant guilty of assault as charged and sentences the defendant to pay the City of Gulfport, Florida the sum of Fifty ($50.00) Dollars."
It is this order that we review on the petitioner's application for the writ of certiorari.
Although no brief has been filed on behalf of the City, it is obvious that the order in question was entered by the appellate circuit court under the authority of Sec. 932.52(13), Fla. Stat. 1955, F.S.A., providing that in appeals from a municipal court to a circuit court, "the circuit court * * * shall examine the record and reverse or affirm the judgment appealed from, giving such judgment or order as the trial court should have given or otherwise as it may appear according to law."
Our constitution provides that "No person shall be subject to be twice put in jeopardy for the same offence, * * *". Sec. 12, Decl. of Rights, F.S.A. Supplementing this constitutional provision and giving to it practical effect is Sec. 910.11, Fla. Stat. 1955, F.S.A., providing that "(1) No person shall be held to answer on a second indictment or information for a crime for which he has been acquitted, but such acquittal may be pleaded by motion in bar of any subsequent prosecution for the same crime, notwithstanding any defect in the form or circumstances of the indictment or information."
It has long been the settled law of this jurisdiction that a defendant who is convicted of a crime included in an indictment may not thereafter be tried for a higher grade of the offense also included in the indictment, since the "verdict convicting of one of the lower grades, but saying nothing as to the higher, necessarily implies a finding of not guilty of the higher offense." Johnson v. State, 1891, 27 Fla. 245, 9 So. 208, 210. And this is true, even though the judgment conviction of a lower grade of the offense charged is reversed on appeal. State ex rel. Landis v. Lewis, 1935, 118 Fla. 910, 160 So. 485, 486. Blackstone stated the doctrine to be that "when a man is once fairly found not guilty upon an indictment, or other prosecution, before any court having competent jurisdiction of the offense, he may plead such acquittal in bar of any subsequent accusation for the same crime; * * *" 4 Blackstone's Comm. 335. It has been said that "[t]he rule applies to one who is convicted of a crime less in degree than the offense for which he was indicted." (Emphasis supplied.) State ex rel. Landis v. Lewis, supra, 160 So. 485. And it might be noted that the question of whethed the rule applies to one who has been illegally convicted of a crime higher in degree *117 than the offense for which he was indicted or informed against has not been squarely decided by this court. But cf. Johnson v. State, Fla. 1957, 91 So.2d 185.
The issue here, however, is whether the plea of autrefois acquit is available as a basis for a claim of former jeopardy when the accused is convicted of an offense not charged against him or included in the offense charged, either as a higher or a lower degree thereof. In support of his claim that by entering the order here in question the appellate court has, in effect, placed him in double jeopardy as to the charge of assault made against him, the petitioner relies upon Hampton v. State, 1924, 98 Tex.Cr.R. 161, 265 S.W. 164, and State v. Fradella, 1927, 162 La. 1067, 111 So. 423, 424.
In the Hampton case the accused was tried on a charge of negligent homicide in the second degree but the jury found him guilty of negligent homicide in the first degree under an instruction of the trial judge that they were authorized to do so. These two offenses are under Texas law separate and distinct crimes. The judgment convicting the accused of negligent homicide in the first degree was reversed on appeal and a new trial granted. The accused was then tried on the same information and was convicted of negligent homicide in the second degree. In reversing the second judgment of conviction, the appellate court said that "by reason of the learned trial judge's submission to the jury of an offense not charged, they saw fit to acquit appellant of the offense for which he is now here convicted. Such a conviction cannot legally stand."
In State v. Fradella, supra, the accused was charged in one count with breaking and entering in the nighttime and larceny and was found guilty of larceny. A new trial was granted on his motion because of the error of the trial judge in charging the jury that he could be found guilty of larceny, to which charge the accused had made timely objection. Upon the new trial the accused pleaded autrefois acquit as to the charge of burglary, his plea was sustained by the trial court, and affirmed by the appellate court upon an appeal by the state. The appellate court said:
"The issue submitted to and passed upon by the jury, under the instructions of the trial judge, was whether defendant was guilty of burglary, guilty of larceny or not guilty. From their verdict of guilty of larceny, it is impossible for us to reach any other conclusion than they failed to find any justification in the proven facts for a verdict of guilty of burglary. * * *"
A different result was reached by the California Supreme Court in People v. Helbing, 1882, 61 Cal. 620. There, the accused was charged with assault with a deadly weapon with intent to commit bodily injury and was found guilty of battery. His conviction was reversed and the cause remanded for a new trial, in which he pleaded autrefois acquit and former jeopardy. On appeal from a judgment convicting him of the assault charge, the accused contended that by the former conviction of battery he was acquitted of the charged offense of assault. The appellate court declined to sustain his contention, stating that "the former conviction did not legally operate as an acquittal of the offense charged in the information, unless it was for an offense included within the offense charged; * * *" Concluding that battery was not such an offense, the court said further that "upon trial for the latter offense [assault] a defendant could not equally be convicted of battery; and such a conviction, especially when set aside on motion of defendant himself, constitutes no bar to a second trial upon the same indictment or information. To entitle a defendant to the plea of autrefois convict or acquit, it is necessary that the offense charged be the same in law and in fact."
It is clear that the facts here present are more nearly analogous to those in People *118 v. Helbing, supra, than to those in the Texas and Louisiana cases, supra. In both of the latter, the accused was actually tried by the jury on both the offense charged and an offense not legally charged, and found guilty of the latter. In the Louisiana case, the accused was also charged, although defectively, with the offense of which he was found guilty. In such circumstances, the accused could be said to have been "fairly found not guilty" of the charge legally made against him so as to form the basis for a plea of autrefois acquit under Blackstone's rule, supra. Here, however, as in People v. Helbing, supra, the accused was neither charged with nor tried for the offense of which he was adjudged guilty. Such a judgment of conviction is, in our opinion, so lacking in due process as to be void, cf. Thornhill v. State of Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; State v. Cotton, 1915, 36 S.D. 396, 155 N.W. 8; People v. McGrath, 1928, 94 Cal. App. 520, 271 P. 549, 551, and this court said in Tilghman v. Mayo, Fla. 1955, 82 So.2d 136, 137, that "In general, to constitute a proper basis for the claim of former jeopardy a proceeding must be valid, and if the proceedings are `lacking in any fundamental prerequisite which renders the judgment void' they will not constitute a proper predicate for such a claim." See also 15 Am.Jur., Criminal Law, § 376, pp. 50, 51.
Moreover, as has been noted, in the instant case the trier of the facts found that the evidence would have justified a conviction of the offense of assault charged against the petitioner, so that as a matter of fact it cannot be said that the petitioner has been "fairly found not guilty" of the charge of assault made against him.
In all the circumstances here, it must be held that the appellate court's review of the record, made at the request of the petitioner, and the entry of the order here in question, as authorized by § 932.52(13), supra, did not have the effect of placing the petitioner in double jeopardy as here contended. Accordingly, certiorari should be and it is hereby
Denied.
TERRELL, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.
THOMAS, J., dissents.
TERRELL, Chief Justice (concurs specially).
I agree with Mr. Justice ROBERTS that there was no showing of double jeopardy in this case consequently certiorari should be denied.
On the record it appears that petitioner was charged, tried and convicted in the Municipal Court of Gulfport, Florida, for assault. The Judge found: "In my opinion the evidence is amply sufficient to support a conviction on the charge of assault," despite the fact that he [judge] adjudged petitioner guilty of reckless driving, a different offense from that with which he was charged and found guilty.
Petitioner appealed the judgment of conviction of reckless driving to the Circuit Court. Such appeals are governed by Section 932.52, Florida Statutes 1955, F.S.A., as follows:
"The circuit court, on appeals under this section, shall examine the record and reverse or affirm the judgment appealed from, giving such judgment or order as the trial court should have given or otherwise as it may appear according to law. The circuit court shall have power to lower the sentence imposed by the municipal court if in his discretion the same should be lowered."
Appeals from municipal courts to the circuit court may not be tried de novo. Ex parte Peacock, 25 Fla. 478, 6 So. 473. Exercising its appellate jurisdiction the *119 circuit court reversed the judgment and sentence of reckless driving and entered a judgment for assault, that for which petitioner was charged, tried and convicted in the Municipal Court. In doing so, the Court followed the quoted statute and entered the judgment that should have been entered by the trial court. City of Miami v. Brown, Fla., 80 So.2d 610.
A plea of double jeopardy or a plea of autrefois acquit must be supported by two attempts to place one in jeopardy for the same offense. There is no such showing in this case, wherein petitioner invoked the jurisdiction of the Circuit Court and succeeded in reversing his conviction and sentence for reckless driving. The judgment so entered was in accord with the quoted statute defining the court's jurisdiction and finds ample support in the record. I do not think this procedure has the attributes of double jeopardy. There was no second proceeding against petitioner in the trial court. So there was no basis for such a plea in bar.
I, therefore, concur in the opinion and judgment of Mr. Justice ROBERTS.
ROBERTS and THORNAL, JJ., concur.